**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-1199**

_____

NANCY CASTANEDA ALVARADO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration Appeals.

_____

Submitted:  August 28, 2023                     Decided:  October 5, 2023

_____

Before WILKINSON, RICHARDSON, and BENJAMIN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  William J. Vasquez, VASQUEZ LAW FIRM, PLLC, Smithfield, North Carolina, for Petitioner.  Brian M. Boynton, Principal Deputy Assistant Attorney General, David J. Schor, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Castaneda Alvarado ("Castaneda Alvarado"), a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's ("IJ") decision denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition for review.

The Board agreed with the IJ that Castaneda Alvarado failed to show that the Guatemalan government was unable or unwilling to protect her from her former partner. The Board determined that this finding was dispositive of Castaneda Alvarado's application for asylum and withholding of removal. We will affirm the Board's determination regarding an applicant's eligibility for asylum or withholding of removal if it is supported by substantial evidence on the record considered as a whole. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). "[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed de novo. *Li Fang Lin v. Mukasey*, 517 F.3d 685, 691-92 (4th Cir. 2008). "When an applicant claims that she fears persecution by a private actor, she must also show that the government in her native country is unable or unwilling to control her persecutor." *Diaz de Gomez v. Wilkinson*, 987 F.3d 359, 365 (4th Cir. 2021) (internal quotation marks omitted). "Whether a government is unable or unwilling to control private actors is a factual question that must be resolved based on the record in each case." *Crespin-Valladares v. Holder*, 632 F.3d 117, 128 (4th Cir. 2011) (internal quotation marks omitted). We conclude that the Board's analysis of this issue

2

was not flawed and that substantial evidence supports the Board's determination that Castaneda Alvarado failed to establish that the Guatemalan government was unable or unwilling to protect her.

Castaneda Alvarado also challenges the denial of protection under the CAT. To qualify for CAT protection, an applicant must show that it is more likely than not that she will be tortured in Guatemala. *See* 8 C.F.R. § 1208.16(c)(2). The likelihood of torture need not be linked to a protected ground. *Zelaya v. Holder*, 668 F.3d 159, 167 (4th Cir. 2012). "Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person" in a manner that is by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1). "Acquiescence of a public official requires that the public official, prior to the activity constituting torture, have awareness of such activity and thereafter breach his or her legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7). "The official or officials need not have actual knowledge of the torture; it is enough if they simply turn a blind eye to it." *Mulyani v. Holder*, 771 F.3d 190, 200 (4th Cir. 2014) (internal quotation marks omitted).

Castaneda Alvarado faults the Board for not considering country condition evidence in its review of the IJ's denial of CAT protection. But we conclude that substantial evidence supports the agency's finding that Castaneda Alvarado did not establish that public officials would consent or acquiesce in her former partner torturing her. In fact, the evidence showed that local police and the judge responded when Castaneda Alvarado requested help. Castaneda Alvarado did not show how evidence of general country

3

conditions undermined her own experience in seeking assistance from police and the judiciary.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*